No. 2947.—THE STATE *v.* JOHN S. VANDERGRAFF.

The voluntary declarations of the accused, made before the committing magistrate on a preliminary examination, and certified to by him in the presence of two witnesses, in conformity with section 1010 of the Revised Statutes of 1870, can not be offered in evidence or used on the trial before the jury by the accused. Declarations so taken are intended only to perpetuate for the use of the State such confessions as the accused may choose to make.

APPEAL from the First District Court for the parish of Orleans. *Abell,* J. *Simeon Belden,* Attorney General, for the State. *Given Campbell* and *E. Morell,* for defendant and appellant.

HOWE, J. The defendant, having been found guilty of manslaughter, was sentenced to imprisonment at hard labor and has appealed.

The only point urged before us arises upon a bill of exceptions reserved to the refusal of the judge below to admit the voluntary declaration of the accused, made in accordance with the Statute before a committing magistrate, as testimony for the defense.

The declaration in question, considered in the light of familiar rules of evidence, is certainly a singular document to be offered by the defendant in a criminal cause.

In the first place, it is made by the party in whose favor it is offered; in the second place, it is not made under the sanction of an oath; in the third place, it is made in such a way as to deprive the State of any opportunity of cross-examination; in the fourth place, the State can not impeach the credibility of him who makes it.

The Statute, under which this paper was offered by the defendant, R. S. 1870, § 1010, provides, that it shall be the duty of the committing magistrate to receive the voluntary declaration of the person accused and the answers which, without promise or threat, he shall make to the questions which the examining magistrate shall put to him, and cause them to be reduced to writing and signed by the prisoner in his presence and that of two witnesses, or if he can not sign, to mention that circumstance and to certify the declaration with his signature and that of two witnesses, which declaration, thus certified and signed, "shall be evidence" before the grand and petit juries.

It is contended by the appellant that the phrase "shall be evidence" means that the declaration shall be evidence for the prisoner as well as the State; but we can not assent to this interpretation, which is not a necessary one, and is calculated to make the Statute repugnant to well established principles of criminal jurisprudence.

Referring again to the fundamental rules of evidence alluded to above, considering that the declaration is to be purely voluntary, without promise of reward or threat of punishment, and so witnessed and certified as to make it legally certain that it was thus made by the accused, and observing that it is permitted to be used as evidence

before the grand jury, whose proceedings are secret and *ex parte*, and before whom the prisoner is not permitted to be heard, we must conclude that the object of the Statute is simply to perpetuate for the use of the State such confessions or admissions as the accused may choose to make, in such way that they may be proved without calling the witnesses before whom they were made; thus substituting a convenient and permanent record of a confession for uncertain oral testimony in regard thereto ; that the phrase "shall be evidence" does not necessarily imply, as understood, the words "for the prisoner;" and in fine that the Legislature, whose intent we are seeking, never intended by this provision to nullify the reasonable rules that a party shall not manufacture evidence in his own favor; that testimony shall be delivered under the sanction of an oath; and that the opposite party shall have the right to prove by cross-examination and impeach by evidence of bad character.

It is therefore ordered that the judgment appealed from be affirmed with costs.